*Northern District*

No. 8028

KENNETH E. KURKER

v.

COMMONWEALTH OF MASSACHUSETTS

Argued: April 19, 1973. Decided: May 28, 1973.

*Present:* Cowdrey, P.J., Forte, Flynn, JJ.

Case tried to *Feloney, J.,* in the Third District Court of Eastern Middlesex No. V.L. 4/69.

**Forte, J.** This is a petition under G.L. C. 258A commenced in the Third District Court of Eastern Middlesex wherein the petitioner seeks to recover compensation as a victim of a violent crime.

The Attorney General filed his report neither

admitting nor denying the claim pending investigation.

The trial judge found for the petitioner in the amount of $7,900.00.

§ 2 of Chapter 258A gives jurisdiction of such petitions to the District Courts and the right of review by the Appellate Division is granted by G.L. C.231, §108 as amended.

*At the trial there was evidence tending to show that* on September 25, 1971 while employed as a construction worker at $162.00 per week, the petitioner was a victim of an assault and battery, reported to the police within 48 hours; that the petitioner was treated at a hospital for a broken nose, facial knife wounds, a compound fracture of the left elbow, and neck and spine bruises. As a result of the injuries sustained the petitioner was disabled for 115 weeks, amounting to lost wages of $18,-630.00. The evidence further indicates that all medical bills were paid by an insurance program and that the petitioner received $10,-630.00 from Workmen's Compensation Insurance.

At the close of the evidence and before final argument, the respondent filed five requests for rulings, only the fourth and fifth requests are material, to wit:

> "4. Chapter 258A of the General Laws provides for compensation to victims of violent crimes not to exceed $10,-000.00 which is to be reduced by

amount of any payment received as a result of the injury under insurance programs or from public funds.

5. The evidence requires a finding for the respondent."

The trial judge denied both requests.

The Commonwealth's argument is that $10,-000.00 is the maximum recoverable under G.L. C.258A and any payments received under insurance programs shall be deducted from that $10,000.00 figure.

Here, the claimant received from insurance programs $10,630.00 and payment of all his medical bills. Therefore, the Commonwealth argues the petitioner having received an amount from insurance exceeding $10,000.00, is not entitled to an award.

In *Gurley et al* v. *Commonwealth*, —— Mass. —— [1] the Supreme Judicial Court decided that "the 'actual loss sustained' is determined by deducting the benefits received as a result of the injury from the total loss sustained by the petitioner."

Therefore, in the instant case, the total loss sustained being greater than the benefits received by $8,000.00, the trial judge was correct in awarding the claimant the $8,000.00 less the statutory deduction of $100.00,[2] or an award of $7,900.00.[3]

---

[1] Decided on May 10, 1973.

[2] G.L. c. 258A, § 5, ¶1.

[3] G.L. c. 258, § 5. COMPENSATION; RESTRICTIONS. No compensation shall be paid unless the claimant has

The trial court's rulings and findings are sustained.

*Howard* v. *Commonwealth,* 24 Legalite 102.

GEORGE K. KURKER
for Plaintiff.

BRIAN T. O'NEILL,
Deputy Ass't Attorney General
for Defendant.

---

incurred an out-of-pocket loss of at least one hundred dollars or has lost two continuous weeks of earnings or support. Out-of-pocket loss shall mean unreimbursed or unreimbursable expenses or indebtedness reasonaly incurred for medical care or other services necessary as a result of the injury upon which such claim is based. One hundred dollars shall be deducted from any award granted under this chapter.

No compensation shall be paid unless the court finds that a crime was committed, that such crime directly resulted in personal physical injury to, or the death of, the victim, and that police records show that such crime was promptly reported to the proper authorities. In no case may compensation be paid if the police records show that such report was made more than forty-eight hours after the occurrence of such crime, unless the court finds said report to the police to have been delayed for good cause.

Any compensation paid under this chapter shall be in an amount not exceeding out-of-pocket loss, together with loss of earnings or support resulting from such injury.

Any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained; provided, however, that no award under this chapter shall exceed ten thousand dollars. If two or more persons are entitled to compensation as a result of a death of a person which is the direct result of a crime, the compensation shall be apportioned by the court among the claimants in proportion to their loss.